IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

JEFFREY CORPORAL,

    Plaintiff,

    v.

WARDEN WEBER,
ASSISTANT WARDEN BUTLER,
SECURITY CHIEF ARNOLD,
F. TAYLOR,
COMMISSIONER HILL,
SECRETARY GREEN,

    Defendants.

Civil Action No.:  DKC-20-2681

MEMORANDUM OPINION

Although this case has been pending for some time, it is still not fully at issue.  Now, Pro se plaintiff Jeffrey Corporal has filed a Motion for Summary Judgment, which is unopposed by Defendants, ECF No. 48,  and Defendants filed a Motion to Dismiss or for Summary Judgment. ECF No. 49.  Defendants' motion is unsupported by any exhibits or declarations and is opposed by Mr. Corporal.  ECF No. 51.  No hearing is necessary.  *See* Local Rule 105.6 (D. Md. 2023). For the reasons that follow, both pending motions will be denied.

BACKGROUND

In an order dated September 7, 2023, this court directed counsel for Defendants to respond to the claim raised by Mr. Corporal which was remanded to this court by the Fourth Circuit Court of Appeals.  ECF No. 41.  The order directed that counsel respond to the claim as stated in the appellate court's opinion which provided in pertinent part:

> Accepting Corporal's allegations as true—as we must at this stage—he filed a grievance with the IGO in which he challenged the conditions of his confinement including, inter alia, the allegation that he was denied blankets, sheets, and adequate clothing during the month of December.  Because Defendants used a

> private mail system for delivering IGO decisions, Corporal received notification
> of the IGO's dismissal of this grievance after most of his time to petition the
> *relevant state circuit court* for review had expired.  Although Corporal still
> attempted to submit his petition for review within the required time limits, his
> efforts were further frustrated by Defendants' policy for operating the prison
> library.  As a result, he was prevented from seeking review of the dismissal of
> the grievance.  We find that these allegations were sufficient to plausibly state a
> claim for relief.

ECF No. 39-1 at 5 (emphasis supplied).  The IGO decision referenced by the Fourth Circuit is IGO

Case Number 202-003-50, which the Fourth Circuit characterizes as Mr. Corporal's challenge to

the conditions of his confinement.  *Id*. at 3.  The Fourth Circuit noted that this court "mistakenly

attributed the allegations Corporal raised in case No. 202-003-50 to a different grievance."  ECF

No. 39-1 at 3, n. 1.  The only document in the record bearing "IGO No. 20200350" is a letter dated

June 19, 2020, from the administrative officer of the Inmate Grievance Office stating that the

grievance concerned ARP-WCI-2330-19 regarding an alleged use of mace against Mr. Corporal

by Lt. Smith after he refused to obey several orders on December 5, 2019.  ECF No. 1-4 at 1.

Neither Mr. Corporal nor Defendants have attempted to address this apparent discrepancy.

Mr. Corporal's Motion for Summary Judgment offers conclusory statements that his claim

has merit, and an award of damages is warranted.  ECF No. 48.  In his declaration, Mr. Corporal

asserts that the appeal of the IGO's dismissal of his grievance was meritorious because under

essentially identical circumstances the IGO found his claim to be meritorious and awarded him

damages.  ECF No. 48-1 at 2-3, ¶¶ 10-13.  The claim addressed in the prior IGO decision

referenced by Mr. Corporal concerns his assignment to an isolation cell.  That decision was issued

on April 26, 2011.  *Id*., *see also* ECF No. 48-2 (IGO Decision).

Defendants assert that Mr. Corporal's appeal of the IGO's decision would be deemed filed

on the date he surrendered control of his appeal to prison officials for mailing under the rule in

*Houston v. Lack*, 487 U.S. 266 (1988).[1]  ECF 49-1 at 5.  They contend that even if Mr. Corporal's "underlying conditions of confinement claims were not properly processed, that factor alone did not preclude [him] from pursuing a constitutional claim in this Court."  *Id.* at 6.  They state that a failure to exhaust administrative remedies is an affirmative defense that must be raised by the defendants and cite federal case law to support their position.  *Id.*  Defendants also allege that the use of a private delivery service to deliver legal mail is "firmly under the purview of prison administrators" and is therefore a decision insulated from judicial review or intervention.  *Id.* at 7.  Defendants do not dispute that a private delivery service was used, do not address the potential merits of Mr. Corporal's appeal of the IGO's decision in his case, do not explain the delays involved in delivering IGO decisions to prisoners, and do not offer any reason for the use of a private delivery service.

STANDARD OF REIVEW

To survive a motion to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6), the factual allegations of a complaint "must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations omitted).  "To satisfy this standard, a plaintiff need not 'forecast' evidence sufficient to prove the elements of the claim.  However, the complaint must allege sufficient facts to establish those elements."  *Walters v. McMahen*, 684 F.3d 435, 439 (4th Cir. 2012) (citation omitted).

Rule 56(a) provides that summary judgment should be granted "if the movant shows that there is no *genuine* dispute as to any *material* fact and the movant is entitled to judgment as a

---

[1]  Defendants do not include any argument regarding whether there is an equivalent State prison mailbox rule applicable to an appeal of an administrative agency decision.

matter of law." Fed. R. Civ. P. 56(a) (emphases added). "A dispute is genuine if 'a reasonable jury could return a verdict for the nonmoving party.'" *Libertarian Party of Va. v. Judd*, 718 F.3d 308, 313 (4th Cir. 2013) (quoting *Dulaney v. Packaging Corp. of Am.*, 673 F.3d 323, 330 (4th Cir. 2012)). "A fact is material if it 'might affect the outcome of the suit under the governing law.'" *Id.* (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)). Accordingly, "the mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment[.]" *Anderson*, 477 U.S. at 247-48 (emphasis in original). The court must view the evidence in the light most favorable to the nonmoving party, *Tolan v. Cotton*, 572 U.S. 650, 656-57 (2014) (per curiam) (citation and quotation omitted), and draw all reasonable inferences in that party's favor, *Scott v. Harris*, 550 U.S. 372, 378 (2007) (citations omitted); *see also Jacobs v. NC. Admin. Office of the Courts*, 780 F.3d 562, 568-69 (4th Cir. 2015). At the same time, the court must "prevent factually unsupported claims and defenses from proceeding to trial." *Bouchat v. Balt. Ravens Football Club, Inc.*, 346 F.3d 514, 526 (4th Cir. 2003) (quoting *Drewitt v. Pratt*, 999 F.2d 774, 778-79 (4th Cir. 1993)).

## ANALYSIS

To support a First Amendment access to courts claim, Mr. Corporal must demonstrate that the matter he was attempting to litigate had merit. "Ultimately, a prisoner wishing to establish an unconstitutional burden on his right of access to the courts must show 'actual injury' to 'the capability of bringing contemplated challenges to sentences or conditions of confinement before the courts.'" *O'Dell v. Netherland*, 112 F.3d 773, 776 (4th Cir. 1997) (quoting *Lewis*, 518 U.S. at 355). "The requirement that an inmate alleging a violation of *Bounds* must show actual injury derives ultimately from the doctrine of standing, a constitutional principle that prevents courts of law from undertaking tasks assigned to the political branches." *Lewis*, 518 U.S. at 349.

4

The Fourth Circuit characterized Mr. Corporal's access to courts claim as one that is "backward looking" as described by the Supreme Court in *Christopher v. Harbury*, 536 U.S. 403, 413-14 (2002). These types of claims "do not look forward to a class of future litigation, but backward to a time when specific litigation ended poorly, or could not have commenced, or could have produced a remedy subsequently unobtainable." *Id*. at 414. Actual injury occurs when a prisoner demonstrates that a "nonfrivolous" and "arguable" claim was lost because of the denial of access to the courts. *Id*. at 399.

Defendants focus on whether Mr. Corporal would have been able to raise his claim in this court assuming he did not get the IGO opinion in time to appeal the decision. However, Mr. Corporal's ability to litigate his claim in federal court is not the issue before this court. It is Mr. Corporal's alleged inability to appeal an adverse IGO decision to *state* court that is the issue. Further, Defendants' focus on whether it is appropriate for this court to review the use of a private mail delivery system because it is a decision regarding the administration of a prison is misplaced. The claim to be addressed here is whether Mr. Corporal was prevented from litigating a meritorious claim by appealing an adverse IGO decision to the appropriate state circuit court. Resolution of that claim does not require this court to embroil itself in the day-to-day operations of a prison. Rather, it requires this court to discern whether the underlying litigation Mr. Corporal was prevented from pursuing had any merit.

There is a discrepancy in this case regarding the subject matter of the IGO decision at issue which prevents this court from determining whether Mr. Corporal has a viable access to courts claim. While Mr. Corporal asserts generally that IGO No. 20200350 concerns a conditions of confinement claim, as stated by the Fourth Circuit, the exhibit he submitted with his complaint with that IGO case number on it describes a claim for excessive force. ECF No. 1-4. The letter

does not discuss the merits of the underlying claim; rather, it summarily dismisses the complaint as being wholly without merit.  Mr. Corporal has not explained why an appeal of the summary dismissal of IGO No. 20200350 would have been successful.  Defendants have not explained why Mr. Corporal's appeal to state court would not have been successful or otherwise does not fall within the ambit of a First Amendment access to courts claim.

In light of the issues highlighted herein, the parties will be provided an opportunity to brief the matter further.  In doing so, Defendants are directed to explain: (1) what the subject matter was of IGO No. 20200350; (2) why a 20-day delay in providing Mr. Corporal with a letter from the IGO summarily dismissing IGO No. 20200350 did not impact on Mr. Corporal's appeal to the state circuit court; and (3) why Mr. Corporal's appeal was unlikely to be successful.

Mr. Corporal may respond to Defendants' arguments and may also submit further briefing explaining: (1) the subject matter of IGO No. 20200350; and (2) why his appeal was likely to be successful.

A separate Order follows.


November 22, 2023                                    _____/s/_____
                                                    DEBORAH K. CHASANOW
                                                    United States District Judge